UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GUEVARA-AYALA (A-221-370-641),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY,<br>Respondent. | No. 1:26-cv-7029 DC CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Christopher Guevara-Ayala (A-221-370-641), a citizen and native of El Salvador, filed pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that the petition be granted and petitioner receive a bond hearing.

## I. FACTUAL BACKGROUND

Petitioner is a national and citizen of El Salvador. (ECF No. 5-1 at 6.) Petitioner entered the United States on an unknown date at an unknown location. (Id.) At the time petitioner entered the United States, he was not admitted or paroled after inspection by an immigration officer. (Id.) On February 20, 2026, petitioner was arrested by the Las Vegas Metropolitan

[1] This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

Police Department for violating Nevada Revised Statute ("NRS") 453.3385 trafficking in controlled substances and NRS 453.337.2 unlawful possession for sale of controlled substances. (ECF No. 5-2 at 5.) Based on his February 20, 2026 arrest, petitioner was charged with violating NRS 453.3385.1(a) trafficking in controlled substances, more than 100 grams, less than 400 grams; NRS 453.337.2(a) unlawful possession for sale of controlled substances, first offense (two counts); and NRS 453.336.2(c) possession of a controlled substance. (Id. at 7.) The status of these charges is not clear from the record. (Id. at 8.)

On March 20, 2026, custody of petitioner was transferred from the Clark County Detention Center to U.S. Immigration and Customs Enforcement ("ICE"). (ECF No. 5-1 at 2.) On March 20, 2026, petitioner was issued a Notice to Appear in Immigration and Nationality Act ("INA") section 240 (8 U.S.C. § 1229a) removal proceedings, which are standard removal proceedings.[2] (Id. at 6-9.) The Notice to Appear charged petitioner with violating INA section 212(a)(7)(A)(i)(l), 8 U.S.C. § 1182(a)(7)(A)(i)(l), as an immigrant without a valid entry document, and INA section 212(a)(6)(A)(i), 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (Id. at 9.) On June 25, 2026, an immigration judge ordered petitioner removed to El Salvador. (ECF No. 5-3 at 3-4.) According to the government's official Executive Office for Immigration Review Automated Case Information website, petitioner's appeal of this decision to the Board of Immigration Appeals ("BIA") is pending.[3] See https://acis.eoir.justice.gov/en.

/ / /

[2] Removal proceedings pursuant to 8 U.S.C. § 1229a (INA § 240) are standard removal proceedings, which are different from expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1) (INA § 235(b)(1)).

[3] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

## II. PROCEDURAL BACKGROUND

On September 2, 2026, petitioner filed the petition for writ of habeas corpus. (ECF No. 1.) On September 16, 2026, respondents filed a response to the petition. (ECF No. 5.) Petitioner did not file a reply. (See Docket.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

The petition raises four claims. In claim one, petitioner claims unlawful arrest because ICE did not grant petitioner a pre-detention hearing prior to his arrest. (ECF No. 1 at 6.) In claim two, petitioner claims violation of the Fifth Amendment Due Process Clause. (Id.) In claim three, plaintiff challenges conditions of confinement. (Id.) In claim four, petitioner claims that he was not in removal proceedings prior to his detention. (Id. at 7.) Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes claim one as raising a statutory claim under the INA based on petitioner's failure to receive a bond hearing. In the response to the petition, respondents also appear to have construed the petition to raise a statutory claim under the INA. (ECF No. 5 at 2-3.) Therefore, there is no prejudice to respondents in the Court's construction. In the response, respondents contend that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(A). (ECF No. 5 at 2-3.) Respondents further argue that petitioner's detention is constitutional. (Id. at 3-4.)

### A. Claim One: Statutory Claim

Respondents argue that petitioner is detained pursuant to the mandatory detention provision of 8 U.S.C. § 1226(c)(1)(A), which requires the detention of any noncitizen inadmissible pursuant to 8 U.S.C. § 1182(a)(2)(C)(i). (Id. at 2.)

Section 1226 carves out a statutory category of non-citizens who, despite being arrested while already in the country, may not be released because of their criminal or terrorist activities. 8 U.S.C. § 1226(c). Here, respondents assert that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(A), which provides in pertinent part that the "Attorney General shall take into custody any alien who ... is inadmissible by reason of having committed any offense covered in section 1182(a)(2) of this title[.] " 8 U.S.C. § 1226(c)(1)(A). Section 1182(a)(2), in turn, enumerates various categories of offenses rendering noncitizens inadmissible, including, as pertinent here:

> Any alien who the consular officer or the Attorney General knows or has reason to believe--
>
> (i) is or has been an illicit trafficker in any controlled substance or in any listed chemical (as defined in section 802 of Title 21), or is or has been a knowing aider, abettor, assister, conspirator, or colluder with others in the illicit trafficking in any such controlled or listed substance or chemical, or endeavored to do so;

8 U.S.C. § 1182(a)(2)(C)(i).

Respondents argue that petitioner is inadmissible under 8 U.S.C. § 1182(a)(2)(C)(i) because the Department of Homeland Security ("DHS") reasonably relied on the state court prosecution and the state court's February 21, 2026 probable cause finding to conclude that petitioner has been an illicit trafficker, and thus petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(A). (ECF No. 5 at 2-3 (response); ECF No. 5-2 at 7 (state court records reflecting February 21, 2026 probable cause finding).)

This Court finds S.G. v. Warden of the Golden State Annex Det. Facility, 1:26-cv-3322, TLN JDP, 2026 WL 2475525 (E.D. Cal. Aug. 24, 2026), instructive:

> "[T]he plain language of 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge of inadmissibility by reason of having committed an offense covered in 8 U.S.C. § 1182(a)(2) as

> prerequisite to mandatory detention under that provision." Colmenares-Pinto v. Warden of Golden State Annex Ice Det. Facility, No. 1:26-CV-00812-DAD-SCR, 2026 WL 923804, at *2 (E.D. Cal. Apr. 6, 2026), report and recommendation adopted, 2026 WL 1430913 (E.D. Cal. May 21, 2026). Indeed, this District routinely finds that § 1226(c)(1)(A) does not authorize mandatory detention where the government has failed to charge a noncitizen with any offense covered by § 1182(a)(2). See id.; Miao v. Chestnut, No. 1:26-cv-1271-KES-SKO, 2026 WL 947020, at *3 (E.D. Cal. April 8, 2026)[.]
>
> The Board of Immigration Appeals has ruled similarly, and further explains that, although the government may later cure the failure to charge the basis for mandatory detention, it must be rectified with proper notice and an opportunity to challenge detention:
>
> > Where the ground for removal subjects [a noncitizen] to mandatory detention, the charging document serves as notice to the [noncitizen] of the circumstances relied on by the [Department of Homeland Security] to detain him. However, where the basis for detention is not included in the charging document, the [noncitizen] must be given notice of the circumstances or convictions that provide the basis for mandatory detention and an opportunity to challenge the detention before the Immigration Judge during the bond redetermination hearing.
>
> Matter of Kotliar, 24 I&N Dec. 124 (BIA 2007).
>
> A Notice to Appear is the typical charging document in immigration proceedings. 8 C.F.R. § 1003.13; see also 8 U.S.C. § 1229(a)(1) (the Notice to Appear must specify "[t]he nature of the proceedings against the [noncitizen]," "the legal authority under which the proceedings are conducted," and "the acts of conduct alleged to be in violation of the law.").
>
> Taken together, where the government has failed to charge or notify a detainee of an offense covered by § 1182(a)(2), § 1226(c)(1)(A) does not govern their detention.

S.G., 2026 WL 2475525, at *2.

Here, respondents failed to charge petitioner with an offense covered by 8 U.S.C. § 1182(a)(2). The Notice to Appear charges petitioner with inadmissibility under 8 U.S.C. § 1182(a)(7)(A)(i)(l), as an immigrant without a valid entry document, and 8 U.S.C. § 1182(a)(6)(A)(i), as a noncitizen present in the United States without being admitted or paroled or who arrived in the United States at any time or place other than as designated by the Attorney General. (ECF No. 5-1 at 9.) The Notice to Appear does not state that petitioner is charged with

inadmissibility under 8 U.S.C. § 1182(a)(2), nor does it reference any alleged illicit drug trafficking. (See id.) Accordingly, this Court finds that respondents may not mandatorily detain petitioner under 8 U.S.C. § 1226(c). See S.G., 2026 WL 2475525, at *3.

For the following reasons, this Court finds that petitioner is detained pursuant to 8 U.S.C. § 1226(a). In Rodriguez Vazquez, the Ninth Circuit concluded that noncitizens "present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)." Id. at 1165. The majority of courts nationwide agree with this interpretation of Sections 1225 and 1226. See, e.g., Barbosa da Cunha v. Freden, 175 F.4th 61 (2d Cir. 2026); Lopez-Campos v. Raycraft, et al., 175 F.4th 713, 735 (6th Cir. 2026); Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1285 (11th Cir. 2026); Castañon-Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048, 1060-62 (7th Cir. 2025); J.Y.L.C. v. Bostock, 2025 WL 3169865, at *2 (D. Or. Nov. 12, 2025) (collecting cases rejecting the government's assertion that § 1225 empowers DHS to arrest and hold a noncitizen present without legal status who has spent years in the U.S.); Cardona-Lozano v Noem, 2025 WL 3218244, at *6 (W.D. Tex. Nov. 14, 2025) ("Repeatedly, [district courts across the country] have found that DHS and the [Board of Immigration Appeals'] construction of the [Immigration and Nationality Act] is incorrect and that petitioners who have long resided in the United States but are being held under § 1225 are entitled to relief.") (collecting cases)); Faizyan v. Casey, 2025 WL 3208844, at *5 (S.D. Cal. Nov. 17, 2025) (holding that § 1226 applies to a petitioner who "DHS has consistently treated" as subject to discretionary detention and "who has been residing in the United States for two years" (internal quotation marks and citation omitted)); Josue I.C.A. v. Lyons, 2025 WL 3496432, at 3 n.6 (E.D. Cal. Dec. 5, 2025) (collecting cases); Morales-Flores v. Lyons, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (collecting cases) ("Courts nationwide, including this one, have overwhelmingly rejected respondents' arguments and found DHS's new policy unlawful."); Guerro Lepe v. Andrews, 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases).

Because petitioner is detained under § 1226(a), petitioner was entitled to a bond hearing at the outset of his detention. "Federal regulations provide that [noncitizens] detained under

§ 1226(a) receive bond hearings at the outset of detention." Jennings v. Rodriguez, 583 U.S. 281, 306 (2018) (citing 8 C.F.R. § 236.1(d)(1)). As such, petitioner should have received a bond hearing. Accordingly, this Court recommends that the petition be granted as to the statutory claim.

## V. PETITIONER'S OTHER CLAIMS FOR RELIEF

In claim three, petitioner challenges conditions of confinement. A habeas corpus proceeding is "the proper mechanism…to challenge the 'legality or duration' of confinement," whereas "a civil rights action, in contrast, is the proper method of challenging 'conditions of confinement.'" Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (citation modified). For this reason, petitioner's claims challenging conditions of confinement raised in claim three are not properly before the court in this habeas corpus proceeding. Accordingly, this Court will not address the conditions of confinement claims raised in claim three.

Because the Court recommends granting the petition on the statutory claim (claim one), the Court need not address any additional claims (claims two and four) raised in the petition. See N.K. v. Noem, No. 1:26-cv-0292 KES SAB, 2026 WL 130345, at *1 (E.D. Cal. Jan. 16, 2026) (granting habeas petition as to the second count of the petition and not addressing other counts because the petitioner was entitled to the relief sought based on the court's ruling as to that second count); Constantinovici v. Bondi, No. 3:25-cv-2405 RBM AHG, 2025 WL 2898985, at *7 (S.D. Cal. Oct. 10, 2025) (granting habeas petition based on due process claim and "declin[ing] to address the remaining grounds in the Petition for seeking release"). Petitioner is entitled to the habeas relief he seeks based on the court's ruling as to claim one.

## VI. REMEDY

Petitioner requests to be immediately released from detention or a bond hearing. (ECF No. 1 at 7.) Because petitioner's detention appears based on state criminal proceedings, and petitioner was detained shortly after the initiation of these state criminal proceedings, this Court finds that the proper remedy for the government's failure to provide petitioner with a pre-deprivation bond hearing is a post-deprivation bond hearing, not immediate release. See Chateauneuf v. Chestnut, No. 1:26-cv-01073 DC JDP, 2026 WL 523695, at *4 (E.D. Cal. Feb.

25, 2026) ("[W]here the government adequately alleges that a changed circumstance warrants a petitioner's immigration detention, the proper remedy for a failure to provide a bond hearing is a post-deprivation bond hearing, not immediate release."). The Court further concludes that the appropriate burden of proof at this initial bond hearing is on petitioner where there was no prior release and in the absence of a prolonged detention finding.[4] See J.S. v. Wofford, 2026 WL 125258, at *8 (E.D. Cal. Jan. 16, 2026); 8 C.F.R. § 236.1(d)(1), 1003.19; Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022) (citing 8 C.F.R. §§ 236.1(d)(1), 1003.19). At this hearing, "[p]etitioner bears the burden of establishing that he is not a risk of flight or danger to the community." J.S. v. Wofford, 2026 WL 297304, at *2 (E.D. Cal. Feb. 4, 2026) (where petitioner not previously released by immigration authorities or subject to prolonged detention, granting bond hearing where petitioner bears burden of proof).

## VII. CONCLUSION

In summary, the Court recommends that the petition for writ of habeas corpus be granted as to claim one.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to claim one.
2. Respondents be ordered to provide petitioner Christopher Guevara-Ayala (A-221-370-641) with a constitutionally adequate bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where petitioner has the burden to demonstrate that he is not a flight risk or danger to the community. Respondents must provide petitioner with at least **seven (7) days'** notice before the bond hearing. If petitioner is granted release on bond, respondents shall return all of petitioner's documents and possessions to petitioner at the time of release.
3. Given petitioner's pro se status, respondents be directed to file, **within fourteen days** of the adoption of these findings and recommendations, a status report addressing

[4] Petitioner does not raise a Fifth Amendment due process claim based on prolonged detention. (See ECF No. 1 at 6-7.)

petitioner's status.

4. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 9, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Ayal7209.imm.157.BOND/2