UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHRISTOPHER GUEVARA-AYALA (A-221-370-641),

Petitioner,

v.

WARDEN, CALIFORNIA CITY, et al.,

Respondents.

No. 1:26-cv-07029-DC-CSK (HC)

ORDER ADOPTING FINDINGS AND RECOMMENDATIONS

(Doc. Nos. 6, 8)

Petitioner, an immigration detainee, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. No. 1.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 9, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (Doc. No. 6.) On October 16, 2026, Respondents filed objections to the findings and recommendations, and Respondents subsequently filed an exhibit in support of their objections, which the court will consider despite it being filed after the deadline for filing objections. (Doc. Nos. 7, 8.) Respondents "object[] to the recommendation that 8 U.S.C. § 1226(c)(1)(A) requires an administrative charge under § 1182(a)(2) as a prerequisite to mandatory detention." (*Id.*) (citing *Nielsen v. Preap*, 586 U.S.

392 (2019); *Matter of Kotliar*, 24 I.&N. Dec. 124, 125–26 (BIA 2007)). However, the magistrate judge has already addressed this issue, including how the decision in *Matter of Kotliar* supports the findings and recommendations. (*See* Doc. No. 6.) Further, Respondents' reliance on the decision in *Nielsen* is unavailing given the Supreme Court in that case did not consider nor address the issue present in this case: the government's failure to charge Petitioner with inadmissibility on qualifying grounds. (*See id.*; Doc. No. 6); *see also Nielsen*, 586 U.S. 392. Thus, Respondents' objections provide no basis upon which to reject the findings and recommendations.

The court presumes that any findings of fact are correct. *See Orand v. United States*, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). The court has reviewed the file and will adopt the findings and the recommendation that the petition be granted, but will not adopt the recommendation that Petitioner be provided with a bond hearing as a remedy. As the magistrate judge found, Petitioner is entitled to relief on statutory grounds. In analogous situations, the undersigned has determined that the proper remedy for this violation is immediate release from custody. *See, e.g.*, *Gutierrez Garcia v. Warden, Cal. City Corr. Ctr.*, No. 1:26-cv-02515-DC-SCR, 2026 WL 3228471, at *2 (E.D. Cal. Oct. 28, 2026) (finding that immediate release is appropriate where the noncitizen's statutory rights were violated); *Zuniga Cruz v. Noem*, No. 1:26-cv-01818-DC-EFB, 2026 WL 890471 (E.D. Cal. Mar. 31, 2026) (same). This is true even where the petitioner has criminal history. *See Bonilla Urbina v. Current or Acting Warden of Cal. City Det. Facility*, No. 1:26-cv-08020-DC-JDP, 2026 WL 3059495, at *1 (E.D. Cal. Oct. 13, 2026) (finding release proper where the respondents neither argued nor explained why the noncitizen's purported criminal history rendered inapplicable this court's previous determination that release was the proper remedy for the violation alleged by the noncitizen); *Guadamuz Lopez v. Warden, Central Valley Annex*, No. 1:26-cv-07281-DC-JDP, 2026 WL 3034256, at *1 (E.D. Cal. Oct. 9, 2026) (same because a mere mention of the noncitizen's recent arrest was insufficient to explain why the noncitizen was not entitled to the protections that the government failed to provide nor the remedy of release). Thus, the

undersigned will order that the petition for a writ of habeas corpus be granted, and that Petitioner be released immediately.

Accordingly, IT IS HEREBY ORDERED that:

1. The court the findings and recommendations filed October 9, 2026 (Doc. No. 6) are ADOPTED IN PART;

2. The petition for a writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Petitioner Christopher Guevara-Ayala (A-221-370-641) shall be RELEASED IMMEDIATELY from Respondents' custody with the same conditions he was subject to immediately prior to his current immigration detention. Respondents shall not impose any additional restriction on him, such as electronic monitoring, unless that is determined to be necessary at a future pre-deprivation/custody hearing;

   b. Respondents shall RETURN all of Petitioner's documents and possessions (e.g., identification, passport, work permit, Social Security card, etc.) upon his release from custody;

   c. Within three (3) days from the date of entry of this order, Respondents shall FILE a notice of compliance with this court confirming that Petitioner has been released in accordance with the above;

   d. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days' notice to Petitioner and must hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond must be considered; and

   e. This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3. Respondents' pending motion requesting the court consider their untimely filed exhibit (Doc. No. 8) is GRANTED;

4. The Clerk of the Court is directed to serve a copy of this order on the California

City Detention Facility; and

5. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 3, 2026**

Dena Coggins
United States District Judge